Good morning, Your Honors. Kurt Hermanson on behalf of Petitioner Appellant Kennard Lee Davis. In this case, the district court failed to hold a competency hearing, and the case of Allen v. Calderon is on point and controlling. The government tries to distinguish that case, but it's really not distinguishable. In this case, the court was looking at several different motions for appointment of counsel. In support of those motions, it was clear that Mr. Davis was alleging incompetence and schizophrenia and had supporting documentation indicating that he had mental health issues. And he stated in his allegations that he was not – couldn't understand the court's orders and couldn't comply with the options order. Let me ask you a couple of questions. This is just – I kind of want to view this on a spectrum. That, you know, obviously – and, you know, coming from a State background where you have criminal defendants and, you know, that they – so they would have a lawyer. And then if there's a sua sponte duty to do a competency or any number of things, then they obviously have a lawyer on that. Now – and then on the other side, say, if you had a – like a 1983 – a civil – just a straight civil case where you don't have a right to a lawyer at any point in time, and if the person came in, say, with Mr. Davis's – I don't want to call him Mr. Allen because I'm thinking Allen and Davis, but Mr. Davis's issues, that still wouldn't entitle him to a competency hearing. So this is kind of in between. You've got the habeas where they don't have a right to a lawyer on the habeas unless we want to give them one and we think it's really complicated and they help. Does Allen stand for the proposition that he has a right to a lawyer in the competency proceedings? Does he have a right to have you here right now? Or what – you know, what are you saying that Allen stands for? And then let's say after – let's say if we said Allen's on point and we send it back, does Allen stand for the proposition that he has a lawyer during the competency hearing? And then at the end of it, then the court would then be in a position, if they found him to be competent, that he doesn't, or if they found him to be incompetent, then what do you do – what does it stand for? It's – Judge Callahan, that's an excellent question and it's – I've actually been appointed on two of these cases in the district court, so I have some experience in that. Allen talks – Allen actually says we're not saying he has a right to a lawyer. What they say is he has the right to a competency hearing before you dismiss the case. When you see evidence that he's incompetent, you have to have a competency hearing and you have to make findings. At that hearing – and if he's incompetent, he needs a guardian ad litem. So there needs to be – Does he have a right to a lawyer at that competency hearing? Not a constitutional right, but under Rule 8 of the federal rules of – under 28 U.S.C. Section 2254, there's Rule 8 following Section 2254 says that the of representing him in the competency hearing. For example, because discovery is difficult, that attorney – and I've been appointed on a couple of these by the district court – that attorney makes sure that there's ample discovery produced so that all the documentation, all the psychological reports, all the possible evidence, the attorney general and the appointed attorney work together to make sure that the district court has all available evidence of whether he's competent or incompetent. And then that judge makes the call as to whether a guardian ad litem is appropriate, whether further discovery is needed, whether an evidentiary hearing is needed, whether – whether to send the attorney, as I had happen with me once, the judge sent me and the psychologist to the prison to do an evaluation of the petitioner. So what Allen stands for is the proposition that you should never dismiss a prosang case. And that's what really distinguishes it from what the Court is talking about in State court where you have an attorney. Here there's no attorney. He's a prosang. And Ninth Circuit law clearly states case after case that what the court must do, what the district court must do, and this Court, is liberally construe the evidence he presents, the pleadings, the form of the pleadings. And in Allen, the request wasn't for a guardian ad litem. The request was for a motion for extension of time, for a motion for appointment of counsel. And the Ninth Circuit said you have to – and they dismissed because he didn't comply timely with the court orders. And they said you can't do that until you determine first threshold issue of competency. The question – you obviously having – since you have experience doing this, that I'm going to make an assumption that you've had contact with those kind of savvy defendants that the words on the – out in the prison or on the street that says, well, just – you know, yeah, you don't have a right to have a lawyer, but just tell them – and a lot of people, let's face it, in the criminal justice system don't enjoy perfect mental health. They have some sort of diagnosis of – well, a lot of us probably don't have perfect mental health. But in the prison population, usually they could – at least they could have antisocial personality, you know, on the DSM or something along those lines. So what prevents this from becoming, say, that savvy defendant that says, well, I know the judge isn't going to give me counsel, but if I go get another inmate to say I'm crazy and I show that, you know, I've had treatment for mental health at some point, that's how I'm going to get a lawyer. There are two things that will prevent that. Number one is there has to be substantial evidence of mental health problems. And in both – in Allen and the case that Allen primarily relies on, Laws v. Lamarck, cited at page 924, in both those cases, in one of – in Laws v. Lamarck, there was no evidence, no evidence that during the critical period, 1996 to 2000, the issue there was tolling and whether or not that period should be tolled for mental incompetence. There was no evidence other than his allegation that he was still incompetent. There was plenty of past evidence, though. And that's the key, is that if there is past evidence or, you know, evidence in that he's taking medication, he has schizoaffective disorder, you know, sufficient evidence to call for a hearing, then you get a hearing. And Allen says, because the Attorney General in Allen argued, well, then they're just going to be savvy and get an attorney. And Allen said, that's not what we're saying. What we're saying is you have to determine competency in the district court. And so, yes, it's very possible because this case really is not distinguishable from Allen. It's – you look at the facts, they're the same. He got a declaration from another inmate. He got letters from the prison. He got medical records. He may very well have been following Allen as what he needed to prove. Just as attorneys, we follow cases to see what do I need to present to the court. So after the hearing, if a doctor comes back and says, yeah, he's got this disorder, but, you know, he understands what's going on, he's gaming everyone and all of that, then the court, if at that point, then AFTRA could say, like, okay, I think you're competent, and then could say, you don't need a lawyer. I've watched you. You filed all these motions. Go on. Or – but if he's incompetent, does he have an automatic right to a lawyer? He would – he would, at that point, under – again, you'd have to look at Rule 8. Rule 8 – my interpretation of Rule 8 would be, yes, he should get a  And I think that's an important point, because he can't proceed – he can't proceed with his petition. Like, the posture in this case is the options order, where you have the option to go to State court and then to the law office. I mean, it's very complicated. Yes. So it would be helpful for him to have an attorney if he's incompetent. But you could also do it on the basis that it would be helpful to the court, too. Absolutely. And so really, in this case, the remedy is to remand – to reverse remand, vacate the judgment, and say to the district court, just as they did in Allen – I'm sorry I took so much of your time, but that was – that was helpful for me. Not a problem. Let me just ask. So he – is he contesting the administration of involuntary psychotropic drugs? No, there is – the documents show that sometimes he goes on and off his medications, but he's – Sometimes it's voluntary. Sometimes it's not voluntary. Right. There's no cell issue as far as – there's – yeah. He's not refusing his meds. So I would like to reserve the remaining for Rebecca. All right. Good morning, Your Honors. May it please the Court. Deputy Attorney General Herb Tedeff on behalf of Respondent James Walker. The district court in this case properly exercised its discretion to dismiss the unexhausted petition without holding a competency hearing or without first appointing counsel. First, the district court considered Petitioner's mental illness and his treatment for that mental illness and determined that, nevertheless, an appointment of counsel was not necessary to protect his due process rights and that he was capable of representing himself. In this respect, the case stands in stark contrast with that in Allen, because  Well, that's what – how do you really distinguish Allen in that he did go and he got his declarations, and he does have – I mean, he does have some – he does have a history of mental illness, and he does have a diagnosis, and he presented that. So – Mr. Davis or Mr. Allen? Mr. Davis. Seems like he did the same things that Mr. Allen did. Well, first I'd point out that – I mean, you could say, like – I mean, to use not – well, he's not as crazy or But he does present mental health records. He does present that he's been medicated and all of that, and then he does have the declaration from, I think it's Mr. Scott. Yes. Well, he does present his – the evidence of mental illness, but mental illness does not necessarily equate with incompetence. And I've cited several cases in my brief that have stated that. And I think the difference between this case and Allen is, well, in Allen he did present this evidence of mental illness. The Court in Allen also found that there was evidence that the only reason he couldn't comply with the Court's order must have been that he didn't understand it, because all he needed to do in Allen was submit a petition with an original declaration. And the Court in Allen found that the only possible explanation for his inability to simply file a petition with an original signature was because of his mental illness. Now, in this case, we don't have any evidence that Mr. Davis was unable to protect his rights because of his mental illness. In fact, the evidence suggests the opposite. Unlike Allen, where there are few pleadings, Mr. Davis has filed endless pleadings, both in the state court and in the federal court. And that's all good evidence, but why does that – I mean, Allen's just sort of the threshold, say, have a hearing. You know, get some – get a doctor to look at him, have a hearing, and then you put on the evidence that say, look at everything that he's done. Well, it's within – Allen states that it's within the discretion of the district court to determine whether or not a competency hearing is even necessary. And in Allen, the district court never considered the issue of mental illness and never made any rulings about that. In this case, we have the district court properly exercising its discretion. It reviewed the history of mental illness and treatment and stated that notwithstanding that, that counsel is not necessary and the Petitioner is capable of representing himself. So we essentially have a district court here that is exercising its discretion, and Allen, the district court, did not. What's more, the district court in this case considered the fact that the only issue was the issue of exhaustion and repeatedly stated that counsel is not necessary because we're only considering the issue of exhaustion. However – And so here's what he's faced with. I mean, first of all, you could – that he filed 17 filings could be seen in two ways. One, that he's capable of making 17 filings, or two, he doesn't know what he's doing because he's incompetent. But the second thing, you know, the two ground for dismissal here was the – that there were unexhausted state claims. So obviously a decision has to be made by Mr. Davis as to whether he wants to pursue only his exhausted claims in the federal proceedings and drop his unexhausted claims or whether he wants to go to state court and pursue his unexhausted claims. And we don't know whether he's competent to do that. We don't know if – what the effect of the medications are that he's taking, if he can make a determination. And it seems that given the evidence that he's put in, especially about his mental condition, that the prison itself is administering these drugs, that Allen would require in these   And I don't think that that would ever stamp the Magistrate's recommendation here. Well, as far as the notion that Mr. Davis is not capable of determining whether to dismiss exhausted claims or to seek to exhaust his claims in state court, I would submit that the record actually suggests that he is capable of making that decision, because in the subsequent federal habeas proceedings, which we've asked the Court to take judicial notice of, Mr. Davis filed a pleading which – which stated that the only reason he didn't actually make that election – Did we take judicial notice of subsequent proceedings? Is that before us? Well, I've – the Petitioner has submitted several documents in the excerpts related to those proceedings. So I'm essentially relying on those documents. But in any event, it appears from the – from all the pleadings that Mr. Davis has filed that he has a very good understanding of the issues of exhaustion and timeliness and success of petitions. In fact, in his motion in these proceedings for leave to amend the Petition, he – he discussed the issue of exhaustion. He discussed the issue of timeliness and success of petitions. And unlike the Petitioner and Allen, he has demonstrated an understanding of the basic concepts and the procedural concepts in these federal habeas proceedings. And while he – while he has filed many, many pleadings, I would suggest that these pleadings, if they're looked at closely, show that Mr. Davis is – is in factual support, weas in legal arguments. And I think looking at the totality of the circumstances shows that Mr. Davis does have a basic understanding of legal proceedings. And I would say that in many respects, he appears to have a better understanding than many pro se habeas Petitioners. And he's capable of pursuing – I'm sorry. Maybe I have the facts wrong. It is Thursday. I have a long week, so – but I thought that he was given – the district court gave him the option to elect whether or not to – to dismiss his unexhausted claims, and that he didn't meet the deadline. And then the district court went ahead and just dismissed them – I mean, just dismissed the entire petition. That's correct. But, again, I have – in the – in the pleading that he filed in the And he stated that he would have elected to pursue his exhaustive claims had he received the order. Why was he in administrative segregation? It appears he was violating the prison rules. And so – but the point is that Mr. Davis appears to have had an understanding of what he needed to do. And the only reason he didn't respond was not because of his mental illness, but because he didn't receive the documents that he needed to receive. So do you think that he's entitled – you don't think that he's entitled to have a judge make that determination instead of opposing counsel? Make what determination? That he's capable in light of the subsequent actions, that he's competent. Well, I'm simply saying we must look at the evidence before the district court and determine really what was before the district court. And all the evidence that was before the district court suggested that he was capable of understanding legal proceedings. And I bring up the point about the – of being in administrative segregation because in Allen, the court found that the only reason he didn't comply was because of his incompetence. And we don't have such clear evidence in this case. And I think that essentially the finding of competency is one that is a factual determination that's reviewed for clear error. And I think in this case, we can look at all the pleadings before the district court and determine that the district court did not commit clear error, considered the mental illness of Petitioner, and properly exercised discretion to determine that he did not need a competency hearing or counsel. The magistrate, Judge, didn't deal with that issue, did he? Was it just the district judge? No. The magistrate did as well. The magistrate did as well. In his report and recommendation, I didn't see his discussion of competence. He certainly discussed his exhaustion. That's true. But the magistrate issued several orders denying Petitioner's motions for counsel. Oh, the minimum entries. In which the magistrate explained that it appeared that due process did not require the appointment of counsel and that Petitioner appeared capable of representing himself. No. Unless there are further questions, I'll just move on. I would agree with you, Your Honor, Judge Warbaugh, that the district court should make the decision as to whether or not his filings and the subsequent cases should  In my opinion, I think that the district court should make the case sure that he's competent, because I think there, you know, he's cutting and pasting, and it's a mess. He's filing all kinds of things. And the only reason I put them in the excerpts of record is because he was supposed to elect. He obviously didn't elect. The case was dismissed. Instead, because he's prosaic and incompetent, he filed the new case. It was given a new case number. Instead of being made part of that same case, it's given a new case number. He failed to elect. That is, you're absolutely right, he failed to elect. They dismissed. And that excerpt of record show regarding ad sag, he was put in administrative segregation. He was hearing voices. It's at 2 ER 109-111. He had psychological problems. What was that? ER what? 109-111. I think he was having homicidal ideation. He was a danger to himself and others. And that's why he was put in administrative segregation. Thank you. Thank you, counsel. Davis v. Walker is submitted. United States v.
judges: Canby, Wardlaw, Callahan